Filed 12/30/21

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>LEMAR HARRISON,<br><br>    Defendant and Appellant. | A159115<br><br>(Contra Costa County Super. Ct. No. 5-96-21954) |

Lemar Harrison appeals from the trial court's order denying his petition under Penal Code[1] section 1170.95. That statute allows a defendant convicted of felony murder to have his conviction vacated and be resentenced if the conviction would not be valid under the recent amendments to sections 188 and 189. (§ 1170.95, subd. (a); Stats. 2018, ch. 1015, §§ 2–3.)[2] Those amendments changed the law so that a participant in certain felonies in which a death occurs is generally liable for murder only if the participant was the actual killer, aided and abetted

---

[1] Undesignated statutory references are to the Penal Code.

[2] The Legislature recently amended section 1170.95 in several respects. (Stats. 2021, ch. 551, § 2.) Because the amendments to section 1170.95 were not in effect during the trial court proceedings on Harrison's section 1170.95 petition, we do not consider them. All citations in this opinion to section 1170.95 are therefore to the version in effect during the trial court proceedings in 2019.

the murder with the intent to kill, or was a major participant in the underlying felony who acted with reckless indifference to human life. (§ 189, subd. (e).)

Harrison contends the trial court erred when it found his petition failed to state a prima facie case for relief and refused to issue an order to show cause. He further argues the proper remedy is to remand the case with instructions to vacate his murder conviction and resentence him, asserting such relief is mandatory because the record shows that the court that convicted him in a 2000 bench trial made a finding that he did not act with reckless indifference to human life. (§ 1170.95, subd. (d)(2).) The Attorney General agrees that the court that decided Harrison's section 1170.95 petition erred by denying it at the prima facie stage and not issuing an order to show cause, but he disagrees that Harrison is entitled to relief on his petition.[3] We agree with Harrison and the Attorney General that the resentencing court erred in denying Harrison's petition at the prima facie stage. We further agree with Harrison that he is entitled to relief on his petition as a matter of law, so we will remand with instructions to grant his petition, vacate his conviction, and resentence him.

---

[3] There were two trial courts in this case: the one that convicted Harrison after a bench trial in 2000 and the one that denied Harrison's section 1170.95 petition seeking resentencing in 2019. For clarity, we may use the terms "first trial court" and "resentencing court" to distinguish between the two courts.

## BACKGROUND

### I. Senate Bill No. 1437

"Effective January 1, 2019, the Legislature passed Senate Bill [No.] 1437 'to amend the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life.' (Stats. 2018, ch. 1015, § 1, subd. (f).) In addition to substantively amending sections 188 and 189 of the Penal Code, Senate Bill [No.] 1437 added section 1170.95, which provides a procedure for convicted murderers who could not be convicted under the law as amended to retroactively seek relief. (See [*People v.*] *Gentile* [2020] 10 Cal.5th [830,] 843.)

"Pursuant to section 1170.95, an offender must file a petition in the sentencing court averring that: '(1) A complaint, information, or indictment was filed against the petitioner that allowed the prosecution to proceed under a theory of felony murder or murder under the natural and probable consequences doctrine[;] [¶] (2) The petitioner was convicted of first degree or second degree murder following a trial or accepted a plea offer in lieu of a trial at which the petitioner could be convicted for first degree or second degree murder[;] [¶] [and] (3) The petitioner could not be convicted of first or second degree murder because of changes to Section 188 or 189 made effective January 1, 2019.' (§ 1170.95, subds. (a)(1)–(3); see also § 1170.95 subd. (b)(1)(A).) Additionally, the petition shall state '[w]hether the petitioner

3

requests the appointment of counsel.' (§ 1170.95, subd. (b)(1)(C).) If a petition fails to comply with subdivision (b)(1), 'the court may deny the petition without prejudice to the filing of another petition.' (§ 1170.95, subd. (b)(2).)

"Where the petition complies with subdivision (b)'s three requirements, then the court proceeds to subdivision (c) to assess whether the petitioner has made 'a prima facie showing'" for relief. (§ 1170.95, subd. (c).)

"If the trial court determines that a prima facie showing for relief has been made, the trial court issues an order to show cause, and then must hold a hearing 'to determine whether to vacate the murder conviction and to recall the sentence and resentence the petitioner on any remaining counts in the same manner as if the petitioner had not . . . previously been sentenced, provided that the new sentence, if any, is not greater than the initial sentence.' (§ 1170.95, subd. (d)(1).) 'The prosecutor and the petitioner may rely on the record of conviction or offer new or additional evidence to meet their respective burdens.' (§ 1170.95, subd. (d)(3).) At the hearing stage, 'the burden of proof shall be on the prosecution to prove, beyond a reasonable doubt, that the petitioner is ineligible for resentencing.' (§ 1170.95, subd. (d)(3).)" (*People v. Lewis* (2021) 11 Cal.5th 952, 959–960 (*Lewis*).)

"The parties may waive a resentencing hearing and stipulate that the petitioner is eligible to have his or her murder conviction vacated and for resentencing. If there was a prior finding by a court or jury that the petitioner did not act with

4

reckless indifference to human life or was not a major participant in the felony, the court shall vacate the petitioner's conviction and resentence the petitioner." (§ 1170.95, subd. (d)(2).)

## II. Harrison's trial and conviction

Like both Harrison and the Attorney General, we rely on our opinion in Harrison's direct appeal from his conviction, *People v. Harrison* (Aug. 22, 2002, A092690) [nonpub. opn.] (*Harrison I*), for the facts of Harrison's offense. "On May 28, 1996, defendant and Lamont Johnson met Stephen Harless ('Snoo') at Briones Park for the ostensible purpose of buying marijuana from Harless. The plan that day, however, was to rob Harless.

"Defendant and Johnson arrived in defendant's car; Harless arrived in his own car. After the three had spent some time smoking marijuana in a parking area, defendant and Harless walked down a trail while Johnson lingered behind. Defendant and Harless eventually turned back and met up with Johnson. They were still on the trail, a short distance from the parking lot. Johnson took out a gun, pointed it at Harless, and told him to take off his clothes. Johnson then asked for his money. Harless told Johnson his money was in his pants.

"Defendant took Harless's clothes and keys and walked to the parking lot. He put the clothes in Harless's car. Defendant then walked back down the trail, where Johnson was holding Harless. With the robbery accomplished, Johnson shot Harless several times. Johnson then handed the gun to defendant and told him to shoot Harless. Defendant fired a shot at Harless, who was lying on the ground.

"Defendant and Johnson ran back to the parking lot, where they came upon a water district ranger sitting in his truck. Defendant fired at the truck, striking it three times. At least one shot went through the cab of the truck. The ranger managed to get out of the cab and hide behind a rear wheel of the truck.

"Defendant and Johnson fled—defendant in Harless's car and Johnson in defendant's car. The robbery netted a substantial amount of marijuana and several hundreds of dollars in cash.

"After he was apprehended by the police, defendant admitted he shot at Harless and the ranger's truck. At trial defendant testified that he did not know Johnson was going to rob Harless. Defendant was afraid of Johnson. When Johnson handed him the gun, defendant believed his only choice was to comply with Johnson's orders." (*Harrison I*, *supra*, A092690.)

The information charged Harrison with robbery of Harless (§§ 211–212.5 (count 1)); evading a police officer while driving in willful disregard of others (Veh. Code, § 2800.2 (count 2)); attempted murder of the ranger (§§ 187, 664 (count 3)); and murder of Harless (§ 187 (count 4)). As to the robbery, attempted murder, and murder charges (counts 1, 3, and 4), the information alleged Harrison personally used a firearm (former § 12022.5, subd. (a)). As to the charge of murder of Harless (count 4), the information alleged the special circumstance under section 190.2, subdivision (a)(17) that Harrison murdered Harless while Harrison was committing robbery.[4]

---

[4] Section 190.2, subdivision (a) provides, in pertinent part, "The penalty for a defendant who is found guilty of murder in the

The parties stipulated to a court trial. At the trial in January 2000, after the conclusion of the prosecution's case in chief, the court entered a judgment of acquittal pursuant to section 1118[5] on the charge of evading a police officer (count 2) and a qualified acquittal on the charge of attempted murder (count 3). The court also entered judgment that the firearm allegations in counts 1 and 4 were not true and the personal use of a firearm (former § 12022.5, subd. (a)) and special circumstance (§ 190.2, subd. (a)(17)) allegations attached to count 4 were not true.

As to the special circumstance allegation based on section 190.2, subdivision (a)(17), the court found the prosecution's evidence failed to establish beyond a reasonable doubt that Harrison (1) was the actual killer of Harless, (2) aided and abetted Johnson in the murder with the intent to kill Harless, or

_____

first degree is death or imprisonment in the state prison for life without the possibility of parole if one or more of the following special circumstances has been found under Section 190.4 to be true: [¶] . . . [¶] (17) The murder was committed while the defendant was engaged in, or was an accomplice in, the commission of, attempted commission of, or the immediate flight after committing, or attempting to commit, the following felonies: [¶] (A) Robbery in violation of Section 211 or 212.5."

[5] Section 1118 states, in pertinent part, "In a case tried by the court without a jury, a jury having been waived, the court on motion of the defendant or on its own motion shall order the entry of a judgment of acquittal of one or more of the offenses charged in the accusatory pleading after the evidence of the prosecution has been closed if the court, upon weighing the evidence then before it, finds the defendant not guilty of such offense or offenses."

7

(3) was a major participant in the robbery and acted with a reckless indifference to human life.[6]  On the third point, the trial court found the evidence was strong that Harrison was a major participant and that he acted with reckless indifference, but it found the prosecution's evidence insufficient because it viewed section 190.2, subdivision (d) as requiring proof that Harrison acted with reckless indifference to an *innocent* human life.  The trial court reached this conclusion based on language in a pattern jury instruction, CALJIC 8.80.1[7], which it viewed, like the "major participant" and "reckless indifference" elements in section 190.2, subdivision (d), as being based on *Tison v. Arizona* (1987) 481 U.S. 137, 154–155.  The court found Harrison did not act with reckless indifference to innocent human life because at the time of the robbery, victim Harless was engaged in the transportation and sale of marijuana.

At the conclusion of trial, the court found Harrison guilty of robbery of Harless (count 1), found true the allegation that

---

[6] It appears that the court made these findings pursuant to subdivisions (b)–(d) of section 190.2, which establish that a defendant may be subjected to the heightened punishment set forth in subdivision (a)(17)(A) only if he or she was the actual killer, aided and abetted the murder with the intent to kill, or aided and abetted the robbery as a major participant and with reckless indifference to human life.

[7] The relevant portion of CALJIC 8.80.1 stated, "A defendant acts with reckless indifference to human life when that defendant knows or is aware that [his] [her] acts involve a grave risk of death to an innocent human being."  (CALJIC No. 8.80.1 (1997 rev.) (6th ed. 1996).)  An essentially identical version of the full instruction can be found at *People v. Clayton* (2021) 66 Cal.App.5th 145, 156, fn. 6 (*Clayton*).

Harrison personally used a firearm in the robbery, and found him guilty of felony murder of Harless (count 4) because Harrison aided, abetted, and facilitated the commission of the robbery. In September 2000, the court sentenced Harrison to three years in prison on the robbery count and four years on the personal use of a firearm allegation, with execution of that sentence stayed pursuant to section 654. The court sentenced Harrison to 25 years to life on the murder count. This court affirmed the judgment. (*Harrison I*, *supra*, A092690.)

### III.    Harrison's Section 1170.95 Petition for Resentencing

In April 2019, Harrison filed a petition for resentencing under section 1170.95. He alleged the information filed against him allowed the prosecution to proceed based on a theory of felony murder or murder under the natural and probable consequences doctrine, he was convicted at trial of first or second degree murder pursuant to the felony murder rule or the natural and probable consequences doctrine, and he could not now be convicted of first or second degree murder because of the changes to sections 188 and 189. At Harrison's request, the trial court appointed counsel for him.

The prosecutor initially conceded that Harrison had stated a prima facie case for relief. The court therefore issued an order to show cause. The prosecution later decided its concession was ill-advised and argued Harrison had not made the required prima facie showing.

The resentencing court agreed with the prosecution that Harrison had not established a prima face case for resentencing

9

because he could be convicted of first degree felony murder under the amended versions of sections 188 and 189, subdivision (e). As relevant here, the amended version of section 189, subdivision (e) requires the prosecution to prove Harrison was the actual killer, aided and abetted the murder with the intent to kill, or was a major participant in the underlying robbery and acted with reckless indifference to human life. (Stats. 2018, ch. 1015, § 3, eff. Jan. 1, 2019.) The resentencing court recognized that it was not permitted to reopen the first trial court's findings that Harrison was not the actual killer and did not have the intent to kill. But the resentencing court found it could re-examine the question of whether Harrison was a major participant and acted with reckless indifference in the robbery of Harless, despite the first trial court's acquittal of Harrison on the special circumstance under section 190.2, subdivision (a)(17) on such a theory.

The resentencing court recognized that section 1170.95, subdivision (d)(2) states in part, "If there was a prior finding by a court or jury that the petitioner did not act with reckless indifference to human life or was not a major participant in the felony, the court shall vacate the petitioner's conviction and resentence the petitioner." The resentencing court concluded that the first trial court's acquittal of Harrison on the special circumstance allegation was not equivalent to a finding that Harrison had not acted with reckless indifference or had not been a major participant in the robbery. The resentencing court began with the premise that the first trial court had acquitted Harrison

10

of the special circumstance only because it believed section 190.2, subdivision (d) required proof that Harrison had acted with reckless indifference to an innocent human life, not just any human life.  Later decisions rejected that interpretation of the statute.  (*People v. Briscoe* (2001) 92 Cal.App.4th 568, 597–598.)  Because the first trial court had made clear that it believed the evidence was otherwise strong that Harrison had been a major participant in the robbery and had acted with reckless indifference, the resentencing court found that the acquittal on the special circumstance did not entitle Harrison to relief.

Based on its own review, the resentencing court also determined that the evidence from the trial was sufficient to prove beyond a reasonable doubt that Harrison had been a major participant in the robbery who had acted with reckless indifference.  The court therefore concluded the prosecution could convict Harrison of felony murder under the amended versions of sections 188 and 189.

## DISCUSSION

### I.  Summary denial of section 1170.95 petition at prima facie stage

Harrison first argues the resentencing court erred when it concluded he had not pled a prima facie case.  He argues the court was required to assume the truth of the factual allegations in his petition, rather than undertaking its own analysis of the evidence to determine whether he was a major participant in the robbery of Harless and acted with reckless indifference to human life.  The Attorney General agrees that the resentencing court

11

erred by going beyond the face of Harrison's petition and reviewing the evidence to determine whether Harrison was entitled to relief. We are not bound by the People's confession of error (*People v. Alvarado* (1982) 133 Cal.App.3d 1003, 1021), but after performing our own independent review, we agree that the resentencing court erred.

Whether the court conducted a proper inquiry under section 1170.95, subdivision (c) is a question of statutory interpretation, which we review de novo. (*Lewis, supra,* 11 Cal.5th at p. 961.) Our Supreme Court's recent decision in *Lewis* addressed the scope of such an inquiry. *Lewis* explained that "the prima facie inquiry under subdivision (c) is limited. Like the analogous prima facie inquiry in habeas corpus proceedings, ' "the court takes petitioner's factual allegations as true and makes a preliminary assessment regarding whether the petitioner would be entitled to relief if his or her factual allegations were proved. If so, the court must issue an order to show cause." ' [Citation.] '[A] court should not reject the petitioner's factual allegations on credibility grounds without first conducting an evidentiary hearing.' [Citation.] 'However, if the record, including the court's own documents, "contain[s] facts refuting the allegations made in the petition," then "the court is justified in making a credibility determination adverse to the petitioner." ' " (*Id.* at p. 971.) *Lewis* made clear that "the parties can, and should, use the record of conviction to aid the trial court

12

in reliably assessing whether a petitioner has made a prima facie case for relief under subdivision (c)." (*Id.* at p. 972, fn. omitted.)[8]

The first trial court convicted Harrison of felony murder as an accomplice to robbery without finding that he was the actual killer, an aider and abettor of the actual killer with the intent to kill, or a major participant in the robbery who acted with reckless indifference to human life. We thus agree with Harrison and the Attorney General that the record of Harrison's conviction did not conclusively refute Harrison's allegation that he could not now be convicted of first or second degree murder. The resentencing court stated that the record of conviction showed that the evidence at Harrison's trial was sufficient to prove beyond a reasonable doubt that Harrison had acted as a major participant with reckless indifference to the life of Harless, so that Harrison could still be convicted of felony murder under current law. To reach these conclusions, the resentencing court necessarily had to weigh the evidence from Harrison's trial. This was improper.[9]

---

[8] The Legislature's recent amendments to section 1170.95, among other things, codify *Lewis*'s holding regarding the standard for determining the existence of a prima facie case. (Stats. 2021, ch. 551, §§ 1, subd. (b), 2.)

[9] Harrison further argues that the trial court applied the wrong standard when it weighed the evidence, looking at whether substantial evidence in the record could support a conviction under current law, rather than sitting as an independent factfinder and deciding whether the prosecutor proved beyond a reasonable doubt that he was guilty of felony murder under current law. Because we conclude the trial court erred in weighing the evidence at all at the prima facie stage, we need not decide whether it weighed the evidence under the correct standard.

(*People v. Drayton* (2020) 47 Cal.App.5th 965, 982 [trial court erred by engaging in factfinding at the prima facie stage when it reviewed the preliminary hearing transcript and determined that petitioner was a major participant who acted with reckless indifference to human life], abrogated on other grounds by *Lewis*, *supra*, 11 Cal.5th 952.)

## II.   Necessity of remand

Though the parties agree that the resentencing court erred by denying Harrison's section 1170.95 petition at the prima facie stage, they disagree as to the proper remedy for the error. Harrison contends a remand is unnecessary because the first trial court's acquittal on the special circumstance alleged under section 190.2, subdivision (a)(17) entitles him to resentencing under the second sentence of section 1170.95, subdivision (d)(2). Section 1170.95, subdivision (d)(2) states in full, "The parties may waive a resentencing hearing and stipulate that the petitioner is eligible to have his or her murder conviction vacated and for resentencing.  If there was a prior finding by a court or jury that the petitioner did not act with reckless indifference to human life or was not a major participant in the felony, the court shall vacate the petitioner's conviction and resentence the petitioner."

The Attorney General contends the case must be remanded for a hearing at which both parties may present new evidence and the prosecution will need to prove beyond a reasonable doubt that Harrison could be convicted of murder under current law. (§ 1170.95, subds. (d)(1) & (d)(3).)  He argues that subdivision (d)(2) would dispense with the need for a hearing only if there

14

were an affirmative finding that Harrison did not act as a major participant with reckless indifference, akin to a finding of factual innocence, and an acquittal is not such a finding. The Attorney General asserts the first trial court's acquittal on the special circumstance allegation reflects only its misinterpretation of the law.

To determine the effect of section 1170.95, subdivision (d)(2), we start, as we must, with the statutory language. (*People v. Ledesma* (1997) 16 Cal.4th 90, 95.) The reference in the second sentence to a "prior finding by a court or jury" indicates the Legislature intended to give effect to findings from trials, because if the Legislature intended to give effect only to rulings on appeal or in habeas petitions, it would have referred only to court findings. Additionally, the grouping of the two sentences in subdivision (d)(2) "suggests that both sentences are meant to streamline the process [of ruling on a resentencing petition], one with a waiver, the other with a presumption." (*People v. Ramirez* (2019) 41 Cal.App.5th 923, 932 (*Ramirez*).) Thus, we discern from the statutory language an intent to expedite the process of ruling on resentencing petitions by "honor[ing] prior jury findings in the context of a section 1170.95 petition." (*Clayton*, *supra*, 66 Cal.App.5th at p. 157.) The streamlining of resentencing proceedings must also be understood in light of the Legislature's purposes in changing the felony murder rule, which were in part to ensure that defendants' punishments matched their individual levels of culpability and to assist in the reduction of prison overcrowding by eliminating

15

lengthy sentences that were not commensurate with the defendants' culpability. (Stats. 2018, ch. 1015, § 1, subds. (d) & (e).)

With this understanding of the statute in mind, we reject as too narrow the Attorney General's view that section 1170.95, subdivision (d)(2) applies only when a factfinder has made an affirmative finding of innocence on the elements of major participant and reckless indifference, akin to a finding of factual innocence. Subdivision (d)(2) gives preclusive effect to a finding "by a court or jury," so the type of finding that satisfies the statute must be one that either a court or jury could make. This is significant because while courts may be called upon to establish factual innocence, (e.g., § 851.8, subd. (e)), juries do so rarely, if ever. Section 1150 requires a jury in most cases to render a general verdict of guilty or not guilty, or true or not true on special allegations. (§§ 1150–1151, 1158, 1158a.) Even when a jury returns a hybrid verdict that addresses the theories for a murder (e.g., *People v. Hardy* (2018) 5 Cal.5th 56, 95) or a special verdict that establishes only facts (§§ 1150, 1152), the placement of the burden of proof on the prosecution will usually mean only that the jury was or was not convinced beyond a reasonable doubt of a theory or fact advanced by the prosecution. (*U.S. v. Watts* (1997) 519 U.S. 148, 155 [" 'acquittal on criminal charges does not prove that the defendant is innocent; it merely proves the existence of a reasonable doubt as to his guilt' "]; *In re Coley* (2012) 55 Cal.4th 524, 554 ["numerous federal and California decisions . . . uniformly hold that a jury verdict acquitting a

16

defendant of a charged offense does not constitute a finding that the defendant is factually innocent of the offense or establish that any or all of the specific elements of the offense are not true"].)

Because juries seldom, if ever, determine actual innocence, it is more natural to interpret section 1170.95, subdivision (d)(2)'s reference to "prior finding[s] by a court or jury" as applying to the acquittals that juries commonly render. This reading of subdivision (d)(2) is unremarkable, as it suggests the Legislature simply intended to prevent the prosecution in a resentencing hearing from trying to re-prove a theory that a factfinder had already rejected, which is consistent with the Legislature's purpose of using section 1170.95, subdivision (d) to "streamline" the process of reducing prison overcrowding. (*Ramirez, supra,* 41 Cal.App.5th at p. 932.) Contrary to the Attorney General's narrow interpretation of subdivision (d)(2), that goal suggests the Legislature intended the provision to apply more widely than to those few defendants who, though imprisoned for murder, might have somehow been able to obtain a finding of factual innocence as to some aspect of their conviction.

Our interpretation of section 1170.95, subdivision (d)(2) is in accord with the results and reasoning in *Ramirez, supra,* 41 Cal.App.5th 923 and *Clayton, supra,* 66 Cal.App.5th 145, on which Harrison relies. In *Ramirez,* the Court of Appeal had previously held in a habeas proceeding that the evidence from the defendant's trial was insufficient to support the major participant and reckless indifference elements of a jury's robbery-murder special circumstance finding. (*Ramirez,* at pp. 926–927.)

17

*Ramirez* held it was "beyond dispute" that the habeas decision constituted a prior finding under section 1170.95, subdivision (d)(2) that the defendant did not act as a major participant or with reckless indifference, which made relief mandatory on the defendant's resentencing petition. (*Ramirez*, at p. 933.)

*Clayton*, decided by the same panel as *Ramirez* but with a dissent, held that a jury's acquittal of the defendant on a robbery-murder special circumstance allegation constituted a prior finding under section 1170.95, subdivision (d)(2) that made relief mandatory on the defendant's resentencing petition. (*Clayton*, *supra*, 66 Cal.App.5th at pp. 150, 154–155.) The majority reasoned that the prosecution could not, in a hearing under section 1170.95, subdivision (d)(1) & (d)(3), meet its burden of proving beyond a reasonable doubt that the defendant acted as a major participant with reckless indifference to human life without invalidating the jury's finding that the evidence was insufficient to prove the defendant had the intent to kill or acted as a major participant with reckless indifference to human life. (*Clayton,* at p. 155.) *Clayton* also noted that "in light of existing statutory procedures for obtaining relief for a factually innocent defendant (§ 851.8; *People v. McCann* (2006) 141 Cal.App.4th 347, 352–353)," requiring proof of factual innocence "would mean that subdivision (d)(2) would apply only in cases where it is not needed." (*Clayton*, at p. 157.) Justice Chavez dissented. (*Id.* at pp. 158–162 (dis. opn. of Chavez, J.).) She believed that unlike the habeas ruling at issue in *Ramirez*, a jury's acquittal on a special circumstance allegation does not necessarily mean a jury

believes a defendant did not act as a major participant with reckless indifference to human life.  (*Id.* at p. 159.)

*Ramirez* and *Clayton* demonstrate that acquittal can satisfy section 1170.95, subdivision (d)(2) even though it does not rise to a finding of factual innocence.  Neither the Attorney General nor Justice Chavez's dissent in *Clayton* takes issue with *Ramirez*'s holding.  (*Clayton*, *supra*, 66 Cal.App.5th at p. 159 (dis. opn. of Chavez, J.) [distinguishing *Ramirez*].)  But a habeas ruling that there is insufficient evidence to establish the major participant and reckless indifference elements beyond a reasonable doubt is, in effect, simply an acquittal.  It does not constitute a finding of factual innocence or an affirmative finding that the defendant did not act in a certain way.  There is thus no reason to treat the habeas finding in *Ramirez* differently than an acquittal—either a jury acquittal as in *Clayton* or a court acquittal as in this case.

The Attorney General, like Justice Chavez's dissenting opinion in *Clayton*, relies on *People v. Santamaria* (1994) 8 Cal.4th 903.  (*Clayton*, *supra*, 66 Cal.App.5th at pp. 160–162 (dis. opn. of Chavez, J.).)  In *Santamaria*, a jury convicted a defendant of murder and acquitted him on a knife-use allegation. (*Santamaria*, at p. 909.)  The Supreme Court held that after the original conviction was overturned on appeal and the case was remanded for retrial, the acquittal on the knife-use allegation did not collaterally estop the prosecution from pursuing a murder conviction on a theory that the defendant either used a knife in the killing or aided and abetted the one who did.  (*Id.* at pp. 917,

926.) The Court reasoned that the split verdict did not mean the jury had necessarily found that the defendant was not the direct perpetrator who used a knife and had convicted him only as an aider and abettor. (*Ibid.*) Rather, because of the principle that the jury need not decide unanimously on the theory of guilt for murder, the acquittal on the knife-use allegation and finding of guilt on the murder charge could have reflected the jury's uncertainty on the specific theory of guilt but firm belief that the defendant was nonetheless guilty of murder: "Sometimes, as probably occurred here, the jury simply cannot decide beyond a reasonable doubt exactly who did what. There may be a reasonable doubt that the defendant was the direct perpetrator, and a similar doubt that he was the aider and abettor, but no such doubt that he was one or the other." (*Id.* at p. 919.) The Supreme Court concluded that the acquittal on the knife-use allegation did not mean the jury had found that the defendant did not use the knife, and it therefore rejected the defendant's argument that on retrial, the prosecution should be precluded from presenting any evidence that the defendant used the knife. (*Id.* at pp. 920, 926.)

*Santamaria*, which addressed the applicability of collateral estoppel principles when a murder conviction is reversed on remand, is inapplicable here. As discussed above, an acquittal, meaning a finding of reasonable doubt, on the issue of reckless indifference satisfies section 1170.95, subdivision (d)(2) and mandates resentencing, and the first trial court unequivocally delivered such an acquittal. The first trial court specifically

20

found that Harrison was not the actual killer, did not have the intent to kill Harless, did not act with reckless indifference to human life, and was guilty of murder as an accomplice to robbery under the felony murder rule. The precision of these findings demonstrates that, unlike *Santamaria*'s interpretation of what might be gleaned from the split jury verdict, the first trial court was not uncertain about Harrison's role in the robbery and killing of Harless. The trial court ascertained precisely what Harrison did and rendered in no uncertain terms its view of the legal consequences that followed.

The Attorney General briefly remarks that the first trial court's acquittal on the special circumstance allegation was based on a misinterpretation of law, rather than reflecting an affirmative finding that Harrison did not act as a major participant with reckless indifference, implying that it is not conclusive for this reason. The Attorney General is apparently referring to the first trial court's belief that the prosecution had to prove Harrison acted with reckless indifference to an *innocent* human life, when in reality it had to prove only that he acted with reckless indifference to any human life. We agree with the resentencing court that this belief was erroneous. (See *People v. Briscoe*, *supra*, 92 Cal.App.4th at pp. 597–598.) However, nothing in section 1170.95, subdivision (d)(2) allows a court considering a resentencing petition to disregard a prior court or jury finding if the court considers it factually or legally erroneous. Giving a resentencing court that power would defeat the purpose behind making prior findings conclusive, since there would be

21

little need to give conclusive effect to findings with which the resentencing court agreed.  Only when a finding is debatable would subdivision (d)(2) become relevant, so that provision must prevent trial courts from re-examining the merits of or reasoning underlying prior court or jury determinations.

In addition, even though double jeopardy may not apply here (*People v. Hernandez* (2021) 60 Cal.App.5th 94, 111), it is significant that under state and federal law a judicial acquittal (such as the first trial court's grant of a section 1118 motion) is conclusive for double jeopardy purposes even when the court misinterprets an element of an offense or erroneously adds an extraneous element to the offense.  (§§ 1118, 1118.2; 1 Witkin, Cal. Crim. Law 4th Defenses (2021) § 157; *Evans v. Michigan* (2013) 568 U.S. 313, 315–316, 318, 322–323.)  In two sentences, the Attorney General alludes to the first trial court having misinterpreted the law, but these brief comments provide no reason why we should deviate from this established principle and decline to treat a judicial acquittal—even an erroneous one—as a prior finding under section 1170.95, subdivision (d)(2).

## DISPOSITION

The order denying Harrison's petition to vacate his murder conviction and for resentencing under section 1170.95 is reversed. The matter is remanded to the trial court with directions to grant the petition, vacate Harrison's murder conviction, and resentence him in accordance with section 1170.95.

BROWN, J.

22

WE CONCUR:

POLLAK, P. J.
STREETER, J.


*People v. Harrison* (A159115)

Trial Court:        Contra Costa County Superior Court

Trial Judge:        Hon. Charles Burch

Counsel:

Catherine White, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Jeffrey M. Laurence, Assistant Attorney General, René Chacón, Bruce L. Ortega, Deputy Attorneys General for Plaintiff and Respondent.